**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:20-CR-22 (WLS) |
| | : | |
| JAMIE DEAN FOUNTAIN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

On April 23, 2026, the Court held a hearing on the United States Probation Office's Amended Petition (Doc. 44) to revoke Defendant Jamie Dean Fountain's ("Defendant") supervised release. Previously, Defendant pleaded guilty to Count I of the Indictment (Doc. 1), which charged him with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant was sentenced on July 8, 2021, to a term of imprisonment of twenty-four months, to be followed by three years of supervised release.

Defendant's term of supervised release began on December 6, 2023. On March 29, 2024, the United States Probation Office petitioned the Court for a warrant or summons. (Doc. 40). On February 13, 2026, an Amended Petition (Doc. 44) was filed. The Amended Petition alleges that Defendant violated the conditions of his supervised release on twelve (12) occasions.

At the revocation hearing held on April 23, 2026, Defense Counsel acknowledged that Defendant had been provided with a copy of the Amended Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his right to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Defendant was also advised that he was not required to testify or present a defense and whether he would testify, consistent with his right to do so, was his decision—all of which Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Amended Petition (Doc. 44) and reviewed it. Defendant stated he had spoken to Counsel about the Petition and wished to admit to all of the violations. Accordingly, the

1

Court found that Defendant freely, knowingly, and voluntarily waived his right to a hearing and stipulated to Violations 1 through 12 of the Amended Petition. Both Counsel and Defendant also acknowledged that the Revocation Report (Doc. 55) included an accurate description of the underlying facts and conduct alleged in the Amended Petition, and the Court accepted it as such. The Court thereafter found that Defendant violated the conditions of his supervised release and declared Defendant's supervised release revoked.[1]

The Court heard from the Government, Defense Counsel, and Defendant. Neither party objected the Revocation Report (Doc. 55). The Government requested a sentence within the Guidelines range without an additional term of supervised release. Defendant requested that the sentence imposed by the Court run concurrently with any sentence imposed in the state case(s) for the offenses underlying the violations in the Amended Petition. Defendant also requested a recommendation from the Court for the Bureau of Prisons' RDAP program. The Court determined Defendant's U.S. Sentencing Guidelines range to be 21 to 24 months based on Defendant's Grade B violations and a Criminal History Category of VI. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to a term of imprisonment of twenty-four months.

For the aforementioned reasons, the Amended Petition (Doc. 44) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Defendant is sentenced to a term of imprisonment of twenty-four months to run consecutively to any sentence imposed in the Superior Court of Clinch County, Georgia, case numbers 24-CR-070 and 25-CR-024 and in the Superior Court of Echols County, Georgia, case number 25-CR-011. No term of supervised release is to follow said imprisonment.

**SO ORDERED**, this 24th day of April 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release].'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.*

2